VIDAL VÉLEZ, Plaintiff and Appellee, *v.* DR. FRANCISCO BONELLI, Defendant and Appellant.

No. 6199.  Argued December 1, 1933.—Decided January 12, 1934.

*R. Cintrón Lastra* for appellant.  *R. Martínez Nadal* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Doctor Francisco Bonelli foreclosed a mortgage on a dairy farm, the propetry of Vidal Vélez, and subsequently took possession thereof as purchaser at the foreclosure sale. Herminia Rodríguez, lessee of Vélez, continued in actual possession. Some two months later Vélez removed an electric motor from the premises. He was prosecuted for theft, and acquitted. Bonelli now appeals from an adverse judgment in an action for damages and submits that the district court erred in finding that the motor was not a part of the mortgaged property and therefore not subject to the mortgage lien. The testimony for defendant, if the trial judge had believed it to be true, would have supported a contrary finding, but the finding complained of is amply supported by the testimony for plaintiff and we are not disposed to disturb the result.

The second assignment is that the district court erred in holding that if Bonelli were the owner of the motor he might have established that fact in a civil action. The argument is that the doctor was not obliged to resort to the civil action and that a similar remedy was equally open to Vélez. Both points may be freely conceded. The fact remains that a criminal prosecution was not the only remedy available and if the district court erred in adverting thereto the error was harmless.

The third assignment is that the district court erred in its conclusion as to the nonexistence of probable cause based on the fact that the motor was not a part of the mortgaged property. The argument assumes the truth of the testimony for defendant in the face of the finding complained of in the first assignment and what we have already said in the discussion of that assignment disposes of this question.

Appellant's fourth contention is that the district court erred in holding that the legal advice upon which defendant relied could afford him no protection in the circumstances of the instant case. The reason assigned for this conclusion

was that defendant, if he had received in fact any legal advice, had not made a full and fair disclosure of all the facts to the attorneys who gave him such advice. One of these attorneys, en route from San Juan to Humacao, had stopped in Caguas for supper. While the attorney was seated at a table in a restaurant, Bonelli came in and a conversation ensued. Bonelli said that he had foreclosed a mortgage and had become the owner of the mortgaged property, that an electric motor used for cutting grass had been removed from a stable, and that because of a certain clause in the mortgage and for other reasons he believed himself to be the owner of the motor. He did not disclose the existence of any controversy or difference of opinion between himself and the former owner of the mortgaged property. Apparently he did not even mention the fact that it was the former owner of the mortgaged property who had removed the motor. He did not produce a copy of the mortgage. Obviously, assuming the soundness of Bonelli's theory that the motor had been included in the mortgage as a part of the mortgaged property and therefore that Bonelli as purchaser at the foreclosure sale had become the owner of the motor, the attorney, who was also a district attorney, told him that its removal was a theft. Another attorney who also took the stand for defendant frankly admitted on cross examination that if Bonelli had disclosed to him the situation described by certain witnesses for the plaintiff and accepted by the trial judge as the true situation, his opinion, based upon the statement actually made by Bonelli, would have been quite different. A third attorney testified to a personal inspection of the premises several days prior to the removal of the motor. He said that the motor was then attached to a board or shelf by nails driven into the board and bent over the base of the motor; that the board or shelf was fastened by bolts to the concrete of the stable; that he asked Dr. Bonelli if the motor was there at the time of the mortgage; and that Dr. Bonelli replied in the affirmative. The advice given by this

attorney was based on the situation described by him, supplemented by the information supplied by Bonelli. What this witness described as having been seen by him is not in harmony 'with the testimony for plaintiff and is contrary to the finding of the trial judge based on that testimony. The advice of this attorney, based on an alleged state of facts which the district judge found not to have existed and which (if that finding was correct) Bonelli knew had never existed, was no defense. This witness also testified to another visit on August 5th, the day after the removal of the motor, followed by an interview in the evening of the same day with the local chief of police and by the filing of the complaint, which is dated August 5th. This testimony, if true, leaves little time or opportunity for consultation with the other attorneys; and defendant could find no shelter behind the advice of the other two, if given after the filing of the complaint.

Other assignments, as developed in the brief for appellant, either do not demand serious consideration or, for obvious reasons, need not be separately discussed.

The judgment appealed from must be affirmed.